# NO. 12-18-00346-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER DANIEL PARKER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Christopher Daniel Parker appeals his conviction for cruelty to animals. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by information with the Class A misdemeanor offense of cruelty to nonlivestock animals.[1] Specifically, the State alleged that Appellant failed unreasonably to provide the necessary food, water, care, or shelter for a dog in his custody. Appellant pleaded "not guilty" to the offense and the case proceeded to a jury trial. Appellant testified at trial, and during cross-examination, admitted the essential elements of the offense. Specifically, the following colloquy took place:

> Q: So you agree with me that at least you recklessly, unreasonably failed to provide food and care for the dog, right?
> A: I would knowingly.
> Q: You say you knowingly did it?

---

[1] *See* TEX. PENAL CODE ANN. § 42.092(b)(3), (c) (West Supp. 2019).

A:  I knew I should have got the dog help.  I knew I should have gave the dog up.  That's knowingly.

Q:  Okay.

. . . .

[Q:] But what you're telling me is you agree with me that you knowingly failed unreasonably to provide necessary food and care for this dog; is that correct?

A:  Yes, ma'am.

The jury found Appellant guilty of the offense and sentenced him to 365 days of confinement in the county jail and assessed a $500.00 fine.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's appellate counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect.  In compliance with *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2]

We considered counsel's brief and conducted our own independent review of the record.  *Id.* at 811.  We found no reversible error.

### CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits. Having done so, we agree with counsel that the appeal is wholly frivolous.  Accordingly, we **grant** Appellant's counsel's motion for leave to withdraw and **affirm** the trial court's judgment. Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* Tex. R. App. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief.  The time for filing such a brief has expired and no pro se brief has been filed.

attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2019**

**NO. 12-18-00346-CR**

**CHRISTOPHER DANIEL PARKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CF-1801380)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and, Neeley, J.*